IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| India Davis, | ) | C/A No. 0:13-3611-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Prometric, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, India Davis ("Davis"), filed this action against her former employer, Prometric, Inc. ("Prometric"), alleging discrimination due to race and religion pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; constitutional violations pursuant to 42 U.S.C. § 1983; as well as state law claims for breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 7.) Davis filed a response in opposition (ECF No. 10), and the defendant replied (ECF No. 11). Davis filed a sur-reply (ECF No. 12), which the defendant moved to strike. (ECF No. 13). Davis then filed a motion to amend his response in opposition (ECF No. 14), which the defendant opposed (ECF No. 15). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion to dismiss should be granted.

---

[1] The defendant removed this matter from the York County Court of Common Pleas.

Page 1 of 11

*PJG*

**BACKGROUND**

This action arises out of Davis's former employment with Prometric as a Test Center Manager. Prometric terminated Davis's employment on August 7, 2012 on the stated ground that she falsified time records. In early July of 2013, Davis, through counsel, sent an affidavit dated June 18, 2013 to the U.S. Equal Employment Opportunity Commission. The EEOC construed the affidavit as a charge, assigned it charge number 436-2013-00906, and dismissed it as untimely. Around August 1, 2013, Davis filed a Charge of Discrimination on EEOC Form 5 ("EEOC Charge"), which was assigned charge number 436-2013-00976. Davis checked the box on the form indicating she was challenging religious discrimination. This charge was also dismissed by the EEOC as untimely. This action followed.

**DISCUSSION**

**A.    Motion to Dismiss Standards**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by



undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)); see also Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (stating that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so

long as the authenticity of these documents is not disputed") (citing Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

**B.     Title VII Claims**

Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." Smith, 202 F.3d at 247. Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

"Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the



original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012). The United States Court of Appeals for the Fourth Circuit has discussed the parameters for when different unlawful employment practices are considered "reasonably related" to those raised in an administrative charge. For example, "where both the administrative complaint and formal litigation concerned 'discriminat[ion] in promotions' but involved different aspects of the 'promotional system,' " the charges are reasonably related and may be advanced in a subsequent civil suit. Id. (quoting Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)). Similarly, courts have permitted a claim raised in litigation that was not specifically described in the administrative charge to go forward "where both the EEOC charge and the [federal] complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." Id. (citing Smith, 202 F.3d at 248). On the other hand, when the claim raised in the district court litigation involves a different *form* of unlawful employment practice than the one described in the administrative charge, courts have found the claim not to be administratively exhausted. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (finding that claims of age, sex, and race discrimination were not exhausted where a charge alleged only retaliation); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002)

(finding that claims of sex and color discrimination were not exhausted where a charge alleged only racial discrimination); Riley v. Tech. & Mgmt. Servs. Corp., Inc., 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (finding that claims of sexual harassment and retaliation were not exhausted where a charge alleged only gender discrimination).

The situation presented in the case at bar falls into the latter category of cases. Here, nothing in Davis's EEOC Charge indicates that she was challenging discrimination based on race or color. Rather, she checked only the box for religious discrimination on the form, and the narrative portion of her charge contains no reference to race or color discrimination. (EEOC Charge, ECF No. 7-2 at 2; Davis Aff., July 29, 2013, ECF No. 7-2 at 3-4.) Accordingly, those claims are not administratively exhausted and cannot be raised in this litigation. See Jones, 551 F.3d at 300-301; Bryant, 288 F.3d at 132-33.

Although Davis relies on an earlier EEOC filing that she contends challenged race and color discrimination, this argument fails. The filing simply does not meet the requirements to constitute a valid EEOC charge, as the June 2013 affidavit makes no mention of any characteristic protected by federal anti-discrimination laws. Rather, the only mention of such a characteristic is contained in a cover letter from Davis's attorney dated several weeks after Davis's affidavit. Davis presents no authority permitting her to cobble together these documents to satisfy Title VII's explicit requirements of a verified charge of discriminatory conduct. Cf. 42 U.S.C. § 2000e-5(b); see also 29 C.F.R. §§ 1601, 1601.9; Balazs v. Liebenthal, 32 F.3d 151, 156 (4th Cir. 1994) (holding that Title VII's verification requirement is mandatory).

In any event, neither the June 2013 affidavit nor the subsequent EEOC Charge was timely filed. In South Carolina, an administrative charge must be filed within 300 days after an "alleged



unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)). The failure to file a timely charge with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

Here, the parties do not dispute that Davis's EEOC Charge was filed more than 300 days after her termination; Davis argues, rather, that this period should be equitably tolled. The arguments advanced by Davis that her claim should be considered timely are unavailing, however. First, Davis did not properly and timely raise this argument, as it appears for the first time in a "sur-reply" filed approximately three weeks after her response to the defendant's motion to dismiss was due under the Local Rules. See Local Civil Rule 7.06 DSC. In any event, Davis has not demonstrated that she is entitled to equitable tolling, as this argument rests entirely upon her assertion that an employee of the South Carolina Department of Employment and Workforce ("DEW") led her erroneously to believe that her filing at DEW in connection with her application for unemployment benefits would be forwarded to the South Carolina Human Affairs Commission as a charge of employment discrimination. However, Davis's professed misunderstanding about DEW forwarding her written

narrative[2] is insufficient to warrant equitable tolling, especially in light of the fact that her affidavit indicates that she knew that the proper agency to accept such a charge was the state Human Affairs Commission or the EEOC but did not diligently pursue her right to do so. (See Davis Aff. ¶ 11, June 18, 2013, ECF No. 11-1 at 5) ("After much thought and deliberation, I decided to file a complaint of discrimination [with the EEOC]."); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (stating that generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way") (citation omitted); Irvin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating that "[f]ederal courts have typically extended equitable relief only sparingly" and observing that it is generally not permitted "where the claimant failed to exercise due diligence" and does not apply to "garden variety claim[s] of excusable neglect").

**C.     § 1983 Claim**

Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured

---

[2] Even had DEW forwarded Davis's five-page narrative to the State Human Affairs Commission or the EEOC, the letter would not have met Title VII's requirements of a verified charge, as discussed above. (See Davis Letter, ECF No. 12-2 at 1-5) (constituting a five-page letter, which is neither notarized nor declared under penalty of perjury, about the circumstances of her termination, and which fails to reference any characteristic protected by federal anti-discrimination laws); 42 U.S.C. § 2000e-5(b).



by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012). Generally, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

While Davis argues in her opposition memoranda that discovery may allow her to establish that Prometric, a private company, acted under color of state law, such speculation cannot survive a motion to dismiss where she presents no factual allegations indicating that she can support such a contention. Essentially, Davis alleges that Prometric administers tests to professionals who must pass the tests to become licensed through the state. (See Compl. ¶ 19, ECF No. 1-1 at 7.) These allegations, assumed to be true, are insufficient to establish that Prometric acted under color of state law. Cf. Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) (holding that acts of private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts).

**D.     State Law Claims**

Finally, Davis's state law claims also fail as a matter of law. Courts in this district have held that a state law claim for breach of the covenant of good faith and fair dealing is not a cognizable independent cause of action separate from the claim for breach of contract. See Steffens v. Am.



Home Mtg. Servicing, Inc., C/A No. 6:10-cv-01788-JMC, 2011 WL 901812, at *6 (D.S.C. Jan. 5, 2011), adopted by 2011 WL 901179 (D.S.C. Mar. 15, 2011); see also Perrine v. G4S Secure Solutions (USA), Inc., C/A No. 2:11-1210-RMG-BM, 2011 WL 3489947, at *2 (D.S.C. July 20, 2011) (there is a presumption in South Carolina of at-will employment and that to survive a Rule 12 motion to dismiss on a claim for breach of contract, the plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship"), adopted by 2011 WL 3563110 (D.S.C. Aug. 9, 2011). Moreover, her claim for intentional infliction of emotional distress is preempted by the South Carolina Workers' Compensation Act. Dickert v. Metro. Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993). Davis's argument that the Workers' Compensation Act does not apply because she was terminated from Prometric is wholly unsupported.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendant's motion be granted and that the Complaint be dismissed in its entirety.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 27, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).