IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| India Davis, ) | |
| ) | C/A No. 0:13-3611-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Prometric, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff India Davis filed a complaint on August 7, 2013, in the Court of Common Pleas for York County, South Carolina. Plaintiff alleges that Defendant Prometric, Inc. discharged her on account of her race and religious beliefs in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. She also alleges that Defendant violated her constitutional rights pursuant to 42 U.S.C. § 1983. In addition, Plaintiff alleges state law causes of action for breach of an implied covenant of good faith and fair dealing and intentional infliction of emotional distress. On December 31, 2013, Defendant removed the action to this court on the grounds of federal question jurisdiction and diversity jurisdiction. See 28 U.S.C. § 1441(a) and (b). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

This matter is before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), which motion was filed on January 6, 2014. Plaintiff filed a response in opposition

on January 24, 2014, to which Defendant filed a reply on February 3, 2014.[1] On May 27, 2014, the Magistrate Judge filed a Report and Recommendation in which she recommended that Defendant' motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on June 13, 2014, to which Defendant filed a reply on June 30, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court also may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## I. FACTS

Plaintiff is a black female and a member of the Muslim faith who commenced working for Defendant on March 15, 2004. Plaintiff contends that other employees, including management, made derogatory comments about her dietary restrictions and made her feel singled out and awkward. According to Plaintiff, she also experienced demeaning comments, open hostility, and unusual behavior from her supervisor, a white female. Plaintiff asserts that she was falsely accused of falsifying time documents and discharged on August 7, 2012.

On or about June 18, 2013, Plaintiff submitted an affidavit to the South Carolina Human Affairs Commission ("SHAC") in which she stated that her termination was wrongful because the

---

[1] Plaintiff also filed a surreply brief on February 18, 2014, which Defendant moved to strike on February 20, 2014. Plaintiff also filed a motion to amend her response in opposition to the motion to dismiss on February 25, 2014, which Defendant opposed by response filed February 28, 2014. The Magistrate Judge terminated both motions as moot on May 28, 2014.

allegations that she falsified time documents were false. ECF No. 11-1, 4. SHAC construed Plaintiff's affidavit as a Charge of Discrimination. By letter dated June 24, 2013, SHAC informed Plaintiff that (1) her complaint was untimely, see S.C. Code Ann. § 1013-90(a) (providing required time for filing is within 180 days after discriminatory act); and (2) her complaint did not support discrimination based on race, sex, age, religion, national origin, or disability. ECF No. 11-1, 6. On July 3, 2013, Plaintiff, through counsel, forwarded her affidavit to the Equal Employment Opportunity Commission ("EEOC"). Counsel indicated in a cover letter that, in his opinion, Plaintiff was discharged because of her race and/or color. ECF No. 11-1, 3; see also ECF No. 11-2, 2. On July 15, 2013, the EEOC issued a Dismissal and Notice of Rights in which it informed Plaintiff that her charge was not timely filed. ECF No. 11-3.

On or about July 29, 2013, Plaintiff submitted a Charge of Discrimination in which she attested that she was terminated because of her religious beliefs and practices. ECF No. 7-2, 3. On August 5, 2013, the EEOC issued a second Dismissal and Notice of Rights in which it informed Plaintiff that her charge was not timely filed. ECF No. 7-3.

## II. DISCUSSION

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). A motion to dismiss tests the sufficiency of a complaint. Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (citing Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012)). To survive such a motion, the complaint must contain facts sufficient to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

When a defendant challenges subject matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Velasco v. Government of Indonesia, 370 F.3d 392, 398 (4th Cir. 2004) (citing cases). Further, although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, and not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. Occupy Columbia, 738 F.3d at 116 (quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011)).

A.      The Report and Recommendation

The Magistrate Judge first addressed Plaintiff's Title VII claims and determined that Plaintiff had failed to challenge discrimination based on race or color in the June 18, 2013 affidavit presented to SHAC. The Magistrate Judge noted that the first mention of race and/or color discrimination was contained in counsel's letter to the EEOC on July 3, 2013. The Magistrate Judge observed that no authority allowed Plaintiff to cobble together these documents to satisfy Title VII's explicit requirements of a verified charge of discriminatory conduct.

The Magistrate Judge further found that neither the June 18, 2013 affidavit nor the subsequent EEOC charge was timely filed. The Magistrate Judge noted that the latest date Plaintiff could file a charge of discrimination was June 3, 2013, 300 days after the last discriminatory action, which is alleged to have been August 7, 2012. The Magistrate Judge noted that Plaintiff did not dispute the untimeliness of her submissions, but argued that the period should be equitably tolled. The Magistrate Judge determined that (1) the argument regarding equitable tolling was not raised

4

until Plaintiff's surreply brief, and (2) the argument is without merit in any event because Plaintiff did not demonstrate that she had been pursuing her rights diligently, and that some extraordinary circumstance stood in her way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Magistrate Judge also concluded that Plaintiff did not raise a claim of religious discrimination until August 1, 2013, approximately 359 days after the alleged discriminatory action occurred.

As to Plaintiff's § 1983 claim, the Magistrate Judge concluded that Plaintiff failed to demonstrate Defendant, a private company, acted under color of state law. The Magistrate Judge noted that Defendant's alleged conduct was purely private and not actionable under the Constitution.

Regarding Plaintiff's state law causes of action, the Magistrate Judge first determined that South Carolina recognizes no independent cause of action for breach of the covenant of good faith and fair dealing. See RoTec Servs., Inc. v. Encompass Servs., Inc., 597 S.E.2d 881 (S.C. Ct. App. 2004). The Magistrate Judge also concluded that Plaintiff's intentional infliction of emotional distress claim is cognizable only under the South Carolina Workers' Compensation Act. Accordingly, the Magistrate Judge recommended that the complaint be dismissed in its entirety.

B.    Plaintiff's Objections

Plaintiff reiterates her argument that the court should equitably toll the 300 day limitations period in which Plaintiff was required to comply with Title VII's administrative requirements. Plaintiff asserts that she made a reasonable and earnest effort to comply with the spirit of the administrative requirements by submitting a five-page statement to a Department of Workforce employee. The court disagrees. As the Court of appeals for the Fourth Circuit has explained:

> Equitable tolling is a narrow limitations exception[.] Courts cannot countenance ad hoc litigation for every missed deadline. The repose that statutes of limitations provide will be lost if their applicability is "up for grabs" in every case. At some

5

> point, "the right to be free of stale claims . . . comes to prevail over the right to prosecute them." Over time, strict judicial adherence to limitations provisions may benefit plaintiffs because they will be encouraged to file timely claims rather than to rely on the application of uncertain exceptions which may be unevenly or arbitrarily administered.
>
> Equitable tolling always has the potential of becoming the exception that swallows up the congressional rule. Thus we have held that the doctrine applies only when an employer's reliance on the applicable statute of limitations would be inequitable, because the employer "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." The limitations period will not be tolled unless an employee's failure to timely file results from either a "deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge."

Olson v. Mobile Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990).

In this case, Plaintiff has presented no evidence tending to show that Defendant, or any other entity, deliberately misled Plaintiff or took any action to prevent her from filing a charge of discrimination. Plaintiff's objection is without merit.

Plaintiff next asserts that her charge was not untimely because she had continuing interaction with Defendant after her dismissal on August 7, 2012. In support of this contention, Plaintiff provides a copy of an email she sent to a colleague on August 11, 2012, regarding a "helpful quote" the colleague had repeated to her at a meeting in April 2012. In the email, Plaintiff states that she "made an unintentional mistake that caused me to be let go from Prometric–it is people like you and quotes like these that help put life and life's challenges into perspective." ECF No. 12-2, 8. Plaintiff further asserts that Defendant perpetuated the falsehood of Plaintiff's dishonesty by reporting to the Department of Workforce that she had falsified time records.

An "unlawful employment practice" under § 2000e-5(e) refers to an alleged discrete discriminatory act or single occurrence even when related to other acts. Mezu v. Morgan State

Univ., 367 F. App'x 385, 388 (4th Cir. 2010) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 111 (2002)). In this case, the alleged discriminatory act was Plaintiff's termination, which by her own acknowledgment took place on August 7, 2012, which was 315 days before her June 18, 2013 affidavit. See, e.g., ECF No. 12-2, 1. Plaintiff's objection is without merit.[2]

With respect to Plaintiff's § 1983 cause of action, Plaintiff states that Defendant is a state actor because the Federal Bureau of Investigation is housed in and controls the security of the building in which Plaintiff was working. Plaintiff states that Defendant would have to have a working relationship with the Federal Bureau of Investigation to be able to access video equipment or video of Plaintiff falsifying work records. As an initial matter, the court observes that Plaintiff's factual allegation would not support state action under § 1983, since the Federal Bureau of Investigation is not an arm of the State of South Carolina.

In any event, Plaintiff has failed to allege any facts tending to demonstrate that Defendant, a private company, is a state actor for purposes of § 1983. To establish state action by a private party, a plaintiff must show that (1) there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself, Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)); (2) the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state, id. (citing cases); or (3) the private entity has exercised powers that are traditionally the exclusive prerogative of the state, id. (quoting Jackson, 419 U.S. at 353). As the Magistrate Judge

---

[2] Plaintiff also asserts that she contacted SHAC on June 6, 2013 regarding the alleged discrimination and the issuance of a Right to Sue Letter. The record is devoid of evidence to support Plaintiff's claim.

properly found, Plaintiff's assertions of state action are merely speculative and unsupported by factual allegations. Plaintiff's objection is without merit.

With respect to her state law causes of action for breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress, Plaintiff asserts that these claims should be returned to state court for adjudication. Plaintiff also denies that her cause of action for intentional infliction of emotional distress is preempted by the South Carolina Workers' Compensation Act since she no longer is an employee of Defendant.

The Magistrate Judge correctly determined that South Carolina recognizes no independent cause of action for breach of the implied covenant of good faith and fair dealing. See, e.g., RoTec Servs., Inc. v. Encompass Servs., Inc., 597 S.E.2d 881, 883 (S.C. Ct. App. 2004) ("[W]e conclude that the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract."). Further, the Workers' Compensation Act provides the exclusive remedy for Plaintiff's claims of injury arising out of and in the course of her employment. Sabb v. S.C. State Univ., 567 S.E.2d 231, 234 (S.C. 2002). The intentional act of an employee can be imputed to the employer only when the employee is the "alter ego" of the employer. Dickert v. Metro. Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993). The South Carolina Supreme Court has held that only "dominant corporate owners and officers" may constitute alter egos of a employer. Id. There being no evidence that any alter ego of Defendant caused Plaintiff to suffer severe emotional distress, Plaintiff's objection is without merit.

### III. CONCLUSION

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss (ECF No.

7) is **granted**, with prejudice.

    **IT IS SO ORDERED**.


                                /s/ Margaret B. Seymour
                                Senior United States District Judge

Columbia, South Carolina

September 22, 2014.