IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| India Davis, ) | |
| ) | C/A No. 0:13-3611-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Prometric, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff India Davis filed a complaint on August 7, 2013, in the Court of Common Pleas for York County, South Carolina. Plaintiff alleged that Defendant Prometric, Inc. discriminated against her because of her race and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In addition, Plaintiff asserted that Defendant violated her constitutional rights under 42 U.S.C. § 1983. She also asserted state law causes of action for breach of an implied covenant of good faith and fair dealing and intentional infliction of emotional distress. Defendant removed the action to this court on December 31, 2013.

On January 6, 2014, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that (1) Plaintiff failed to exhaust her administrative remedies with respect to her claim for race discrimination; (2) Plaintiff's claim for religious discrimination was time barred; (3) Plaintiff's § 1983 claim failed because Defendant is not a state actor; (4) Plaintiff's good faith and fair dealing claim does not exist as an independent cause of action; and (5) Plaintiff's intentional infliction of emotional distress claim was preempted by the South Carolina Workers' Compensation Act. The court granted Defendant's motion to dismiss by order filed September 22,

2014.

This matter is before the court on bill of costs filed by Defendant on September 29, 2014. Defendant seeks costs in the amount of $400.00 as filing fees of the Clerk of Court. Plaintiff filed objections to the bill of costs on October 17, 2014.

Title 28, U.S.C. § 1919 provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." In keeping with the discretionary character of the rule, federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case. 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2668. The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party. Id. In this case, Plaintiff contends that costs should be denied because Defendant could have resolved the case without removing it to federal court and incurring the cost of removal. Given that Defendant exercised its statutory right to removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, the court finds Plaintiff's objection to lack merit. The Clerk of Court therefore is ordered to enter costs in the amount of $400.00.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 30, 2014